## H. & T. C. R. R. CO. v. FREDERICKA RAND et al.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Damages—Evidence.*—See the opinion *in extenso* for evidence *held* sufficient to sustain a verdict of damages against a railway company for failure and refusal to transport a passenger upon application and tender of charges.

*Same.*—A mental suffering may be estimated as a basis of damages.

*Same—Agency.*—Negligence of the agent is negligence of the railroad company, and the company is liable therefor.

Appeal from the County Court of Limestone—Opinion by Willson, J.—Appellees sued appellant in the County Court of Limestone county for damages in the sum of one thousand dollars, alleging their cause of action as follows:

1. That appellant owned a line of railroad extending from the city of Houston to the city of Denison, through Limestone county, Texas, and that on this line of road, in Limestone county, was a station called Thornton.

2. That appellant run and operated this line of road as a common carrier of passengers and freight.

3. That appellee Fredericka, on the thirtieth day of August, 1881, was near the station on said road called Thornton, where she had been staying for some time for the benefit of her health, she having gone there in delicate health; that she resided in the city of Galveston, where she had a husband, her co-plaintiff, and children; that on said thirtieth day of August, having recovered her health, she desired to return to her home and family in Galveston, and applied to the ticket agent at Thornton for a ticket and transportation over said line of road, and offered to pay said agent the price of said ticket; that this occurred about ten o'clock in the night, a few minutes before the train on which she sought passage

passed the station; that owing to the carelessness and inattention of the said ticket agent she failed to get a ticket, and said agent failed to signal said train to stop at said station, and it passed on without her, and she was compelled to walk a distance of about two miles, in the night, and over a tiresome road, to get to a place to stay the balance of the night; and that by reason of all this, she became sick, and remained sick for a long time, and suffered much mentally and physically.

Appellant pleaded the general denial, and contributory negligence on the part of appellee Frederika, because she sought to travel on the night train, instead of a day train, etc.

The parties waived a jury and submitted the decision of the case to the court, and the court rendered judgment in favor of appellees against appellant for the sum $300, and from this judgment appellant has appealed to this court.

The appellees in this court suggest delay, and ask for an affirmance of the judgment with damages.

Appellant has not appeared in this court with any argument or brief of authorities in support of his several assignments of error, and we are not aware of the particular error or errors relied upon by him for reversal of the judgment, farther than such as are disclosed in his assignments of error. These assignments of error, ten in number, are substantially that the court erred in its conclusions of fact, and in its conclusions of law, which conclusions, at the request of appellant in the court below, were reduced to writing, and are a part of the record before us.

The trial judge found the substantial allegations contained in appellee's petition to be true, and we think the evidence in the case fully sustains the finding.

The conclusions of law, as stated by the judge, are:

" 1. Plaintiff was entitled to judgment for damages which resulted, and which might reasonably be expected to result, from her being left, under the circumstances.

" 2. Mental suffering may be estimated as a basis for damages.

" 3. The negligence of the agent is the negligence of the railroad company, and the defendant is liable therefor."

We are of the opinion that these propositions, or conclusions are correct when applied to the evidence in this case. (Redfield on Carriers, sec. 425, et seq.; Williams v. Vanderbilt, 28 N. Y., 217; Ward v. Vanderbilt, 24 How. Pr. R., 144; Heim v. McCaughan, 32 Miss., 17.)

We find no error in the judgment of the court below, and will affirm it; but we do not think it is that character of case which demands an affirmance with damages.

Judgment affirmed.